IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGINA WANNER,

    Plaintiff,

vs.                          Case No.: _____

UNITED STATES,
U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
FEDERAL PRISON INDUSTRIES,
INC., d/b/a UNICOR,

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Regina Wanner, and alleges and states as follows:

## PARTIES

1. At all times herein mentioned, Plaintiff is and has been an individual residing in the City of Platte City, State of Missouri.

2. Defendant United States is a governmental entity responsible for the actions of the U.S. Department of Justice, Federal Bureau of Prisons, Federal Prison Industries, Inc., d/b/a Unicor.

3. Defendant Federal Bureau of Prisons is a United States federal law enforcement agency under the Department of Justice responsible for Federal Prison Industries, d/b/a Unicor.

4. Plaintiff is informed and believes, and based thereon alleges, that Federal Prison Industries, Inc., doing business as Unicor is a wholly owned United State government corporation created as a prison labor program for inmates with the Federal Bureau of Prisons. It is headquartered in Washington, D.C. and is delegated to make payments for persons injured by the negligent actions of inmates working for Unicor.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each Defendant was the duly authorized agent, employee, and/or partner of each of the remaining Defendants and, at all times relevant herein, acted with the course and scope of such relationship.

## JURISDICTION

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendants acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1346(b) in that this is a claim against Defendants for money damages accruing on August 5, 2019, for personal injury caused by the negligent and wrongful acts and omissions of the employees of the Defendants while acting within the course and scope of their office or employment, under circumstances where the Defendants, if private persons, would be liable to Plaintiff.

7. Jurisdiction founded upon the federal law is proper in that this action is premised upon federal cause of action under the Federal Tort Claims Act hereinafter FTCA), 28 U.S.C. 2671, *et. seq.*

## FACTS OF THE CLAIM

8. Pursuant to the FTCA, 28 U.S.C. 2671, *et. seq.,* Plaintiff submitted her claim on April 23, 2021, to the appropriate federal agency for administrative settlement under the FTCA, requesting $2,500,000.00. (Exhibit A) On November 18, 2021, Plaintiff submitted an Amended claim to the appropriate federal agency for administrative settlement under the FTCA, requesting $2,500,000.00. (Exhibit B) The appropriate federal agency has not responded to Plaintiff's original claim or to her Amended claim.

9. On or about August 5, 2019, Plaintiff was a civilian employee of the U.S. Army, working in Building 45, 410 Kearney Avenue, Fort Leavenworth, Kansas.

10. At that time Building 45 of Fort Leavenworth was undergoing construction and remodeling. To the best of Plaintiff's knowledge and belief the construction work was being performed by agents, servants, employees, or inmates under the control of Unicor, acting under the scope and course of their agency, servancy, or employment with Unicor.

11. On August 5, 2019, at the end of her workday, Plaintiff exited through the front of Building 45. It was her intention to walk on the sidewalk to her car and then leave.

12. As Plaintiff exited the front of Building 45, plaintiff was prevented from using the sidewalk because pallets of wood, with nails sticking out of the wood, were blocking the sidewalk.

13. One of the agents, servants, and/or employees of Unicor had placed a mat on the edge of the sidewalk. To walk around the pallets of wood, Plaintiff stepped onto the mat. There was no supporting ground directly underneath the mat which caused Plaintiff to fall to the ground underneath, injuring herself.

14. The agents, servants, and/or employees of Defendants were negligent in placing an obstruction on the sidewalk leading from Building 45. The agents, servants, and/or employees of Defendants were negligent in placing a mat on the edge of the sidewalk in an unsafe manner that led those walking on the sidewalk to believe that walking on the mat was the safe alternative to walking on the obstructed sidewalk.

15. As a direct and proximate result of the negligence of Defendants' agents, servants, and/or employees, Plaintiff sustained permanent injuries to both feet, both knees and to her neurological system.

16. Plaintiff seeks compensation for all injuries that she has suffered by reason of the above facts, including her pain, suffering, mental anguish, medical expenses, now and in the future, and wage loss and loss of earning capacity, now and in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for an in an amount in excess of Seventy-Five Thousand dollars ($75,000.00), together with her costs herein incurred, and for such other and further relief as the Court deems just, proper, and equitable.

*/s/ Michael L. Sexton*
Michael L. Sexton, Ks. No. 9182
Sexton & Shelor
4800 Rainbow Blvd., Suite 200
Westwood, Kansas  66205
T 913-789-7477
F 913-789-7377
mls@sextonandshelor.com
Attorney for Plaintiff